**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OMAR ALBERTO BENAVIDES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   20-72141

Agency No. A094-190-392

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 5, 2021[**]
Pasadena, California

Before:  GRABER and CHRISTEN, Circuit Judges, and SEEBORG,[***] District
Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]       The Honorable Richard Seeborg, Chief United States District Judge
for the Northern District of California, sitting by designation.

Petitioner Omar Benavides, a native and citizen of El Salvador, seeks review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition.[1]

1. Substantial evidence supports the agency's adverse credibility finding. See Shrestha v. Holder, 590 F.3d 1034, 1039–42 (9th Cir. 2010) (stating standard of review). Because the BIA agreed with the IJ's decision and added its own observations, we review both the BIA's decision and the IJ's decision. Nuru v. Gonzalez, 404 F.3d 1207, 1215 (9th Cir. 2005).

The IJ and the BIA noted inconsistencies between Petitioner's written and oral statements. For example, in Petitioner's declaration, he wrote that he "briefly took off [his] shirt" one night, after a bartender told him that he should never display his tattoos because gang members would target him. In the declaration, he linked his decision to take off his shirt that night with an incident two weeks later, when the police came to his house and said that gangs were going to kill him because of his tattoos. But at the hearing, Petitioner testified that he took his shirt off at noon, in public, and that people nearby saw his tattoos as a result. Petitioner argues that the inconsistency is immaterial and has no bearing on his credibility.

---

[1] We also deny Petitioner's motion for a stay of removal.

We disagree. The discrepancy is not trivial because Petitioner's claims for relief are premised on his fear that the police or gang members will perceive him to be a gang member because of his tattoos. Accordingly, the manner in which bystanders and the police became aware of his tattoos is relevant. Cf. Shrestha, 590 F.3d at 1046–47 (9th Cir. 2010) ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight.").

As another example, Petitioner offered inconsistent statements regarding where he fled after gang members beat him at a restaurant. Petitioner's declaration stated that, after leaving the hospital where he received treatment for his injuries, he did not want to endanger his aunt by returning to her house, so he went to Soyapango, El Salvador, where he stayed with his aunt's friend for two days before he took a bus to Guatemala. Yet during the hearing, Petitioner testified that he bought his bus ticket in San Salvador. When the government pointed out the inconsistency, Petitioner testified that he had stopped in Soyapango to get a bus ticket and "wasn't there at all." Although Petitioner gave explanations for some of the inconsistencies, the agency was not required to believe him. See Jibril v. Gonzales, 423 F.3d 1129, 1135 (9th Cir. 2005) ("[A]n IJ must be allowed to exercise common sense in rejecting a petitioner's testimony . . . .").

3

Further, Petitioner exhibited a lack of responsiveness as to whether he had been a gang member. See 8 U.S.C. § 1158(b)(1)(B)(iii) ("Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . ."). The IJ asked Petitioner whether he had ever been a member of a gang. Petitioner's response was that he "had a lot of friends in school." After the IJ noted that Petitioner had not answered the question, and repeated the question, Petitioner denied that he ever was a gang member. Although Petitioner later acknowledged that his first answer "was seemingly irrelevant," he now suggests that he answered the IJ's question indirectly. Petitioner indisputably did not answer the IJ's question. Accordingly, his evasiveness supports the adverse credibility finding. See Singh v. Ashcroft, 301 F.3d 1109, 1114 (9th Cir. 2002) ("To support an adverse credibility determination based on unresponsiveness, the BIA [or IJ] must identify particular instances in the record where the [applicant] refused to answer questions asked of him.").

In sum, the combination of inconsistencies and evasive testimony constitutes substantial evidence supporting the agency's adverse credibility finding. The agency properly considered "the totality of the circumstances and all relevant factors." 8 U.S.C. § 1158(b)(1)(B)(iii). Petitioner has failed to show that the

record compels us to reach a contrary conclusion. See Don v. Gonzales, 476 F.3d 738, 745 (9th Cir. 2007) ("Although a reasonable factfinder could have found Petitioner credible, no such finding is compelled by the evidence." (emphases omitted)).

2. Substantial evidence also supports the agency's denial of Petitioner's claim for protection under CAT. See Shrestha, 590 F.3d at 1048 (stating standard of review). "An adverse credibility determination is not necessarily a death knell to CAT protection." Id. But because Petitioner's testimony was not credible, other evidence in the record must compel the conclusion that he "is more likely than not to be tortured." See id. at 1048–49.

The IJ and BIA reasoned that, although extensive violence and human rights violations occur in El Salvador, the evidence was not sufficiently specific to Petitioner. We agree. The documentary evidence states that, in El Salvador, suspected gang members are subject to unlawful killings and torture by security forces. That evidence does not compel the conclusion that Petitioner would be subject to such treatment if returned. See Dhital v. Mukasey, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (per curiam) (discussing how a petitioner must establish a particularized threat of torture for a CAT claim to succeed).

**PETITION DENIED**.